## M. DEAL & CO. v. B. M. SMART.

(No. 1604, Op. Book No. 2, p. 344.)

APPEAL from Williamson County. Opinion by WATTS, J.

§ **1080.** *Chattel; becomes realty, when.* One Turney purchased a flouring mill on time, and being unable to pay therefor, the vendors foreclosed their lien upon the same and had it sold, and appellee Smart became the owner of the mill. While Turney owned the mill he procured from appellants a smutter and separator, and attached the same to the mill by a band. He procured this apparatus upon trial, agreeing to pay appellants so much for it, at a specified time, provided it suited him, but it was expressly understood and agreed that the title to the same remained in appellants until the purchase money therefor was paid. Turney notified appellants before his mill was sold that he would be unable to pay for the smutter and separator, and from thence held it in trust for them, and it was still in the mill when appellee became the owner of the mill. Appellants brought this suit to recover the machine from appellee, or its value, which was alleged to be $125. Appellee claimed the machine by virtue of his purchase of the mill; that the same was a part of the realty, and passed with the land by virtue of the sheriff's sale and deed. *Held,* the true criterion in determining whether a chattel has become a fixture, is clearly and explicitly stated by Chief Justice Moore in the case of Hutchins v. Masterson, 46 Tex. 554, and that criterion consists in the united application of the following tests: 1st. Has there been a real or construct-

ive annexation of the article in question to the realty? 2d. Was there a fitness or adaptation of such article to the uses or purposes of the realty with which it is connected? 3d. Whether or not it was the intention of the party making the annexation that the chattel should become a permanent accession to the freehold. The authorities all concur that, in the application of these tests, prime importance should be given to that of the intention of the party in making the annexation. [Ewell on Fixtures, 21, 22.] Whatever doubts might exist in applying the first and second tests to the facts in this case, no doubt can be encountered in applying thereto the third and controlling one. Turney placed the machine in the mill for the purpose of giving it a trial, before he would agree to purchase the same. At that time it was the property of appellants, so recognized by them as well as by Turney. The intention of Turney in making the annexation is clearly and unquestionably shown to be that such annexation should be temporary, and not such as to make the machine a fixture or part of the realty. The contract between appellants and Turney reserved and retained in the former the title and property in the machine, and under this contract, notwithstanding they had parted with the actual possession of the machine, still the title thereto remained in appellants. Stating the proposition in a different form, Turney never did have title to the machine under the contract for the conditional purchase of the same, and therefore did not intend it as a permanent accession to the land. The machine did not pass with the title to the mill and land, and the judgment of the county court for the appellee Smart was erroneous.

April 27, 1881.          Reversed and remanded.